CHRISSA MAESTROS et al., Respondents, v. HUNTINGTON STATION FOOD SHOP, INC., Doing Business as SFAELOS RESTAURANT, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Suffolk County, dated August 18, 1972, which (1) granted plaintiffs' motion for "reargument" of a prior motion by defendant to dismiss the complaint for failure to prosecute (Special Term had denied said prior motion, by order dated October 27, 1971, but this court reversed and dismissed the complaint without prejudice to plaintiffs' moving at Spe-

cial Term for reconsideration [*Maestros* v. *Huntington Sta. Food Shop*, 39 A D 2d 582]); (2) adhered to said order dated October 27, 1971; and (3) vacated a judgment entered May 24, 1972 dismissing the complaint. Order dated August 18, 1972 reversed, in the exercise of discretion, with $20 costs and disbursements; plaintiff's motion denied; the previous determination granting defendant's prior motion to dismiss the complaint is adhered to; and the judgment entered May 24, 1972 is reinstated. In opposing defendant's prior motion to dismiss the complaint for failure to comply with a 45-day notice pursuant to CPLR 3216, plaintiffs submitted their complaint and bill of particulars and a statement that a note of issue had been served the previous week. Our above-mentioned reversal of Special Term's denial of defendant's prior motion was on the ground that "Plaintiffs [had] failed to submit any affidavit of merits or justifiable excuse for their delay in proceeding" (*Maestros* v. *Huntington Sta. Food Shop*, 39 A D 2d 582, *supra*). The reversal and grant of that motion, however, was "without prejudice to an application at Special Term by plaintiffs for reconsideration upon the basis of the facts set forth in their brief to this court" (*id.*, p. 583). In furtherance of our decision, plaintiffs moved for "reargument" at Special Term. Their motion papers, however, failed to contain an affidavit of merits by plaintiffs. Morevoer, plaintiffs' attorney failed to submit an affirmation deposing the facts of his alleged illness which were presented to this court in plaintiffs' brief on their previous appeal. Rabin, P. J., Hopkins, Martuscello and Shapiro, JJ., concur; Munder, J., not voting.